**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 21-1311

———————

UNITED STATES OF AMERICA

v.

MUMIN MUHAMMAD,
                                                Appellant

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-14-cr-502-001)
District Judge: Honorable Susan D. Wigenton

———————

Submitted Under Third Circuit LAR 34.1(a)
on January 10, 2022

Before: AMBRO, BIBAS, and ROTH, <u>Circuit Judges</u>

(Opinion Filed: February 1, 2022)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

Mumin Muhammad appeals the District Court's denial of his motion for compassionate release. For the reasons stated below, we affirm its decision.

**I.**

Generally, a district court lacks jurisdiction to modify a sentence after it has imposed a final judgment. *See United States v. Easter*, 975 F.3d 318, 323 (3d Cir. 2020). But, in certain circumstances, Congress has granted district courts limited authority to modify sentences. For instance, if either the Director of the Bureau of Prisons or a prisoner files a motion for compassionate release, a court may grant a sentence reduction if, after considering the applicable sentencing factors under 18 U.S.C. § 3553(a), it determines that release is (1) warranted by "extraordinary and compelling reasons," and (2) "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The District Court sentenced Mumin Muhammad in 2015 to 144 months' imprisonment for distributing 100 grams or more of heroin. In June 2020, Muhammad moved to modify his sentence under one of § 3582(c)'s compassionate release provisions. He argued his sentence should be modified under 18 U.S.C. § 3582(c)(A)(i) based on two "extraordinary and compelling reasons." First, his asthma put him at a high risk of COVID-19 complications. And second, his Guidelines' range at his 2015 sentencing was higher

than it would have been if calculated in 2020, based on a new *en banc* opinion from our Court, *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc).[1]

The District Court denied Muhammad's motion. According to the Court, neither his asthma nor the *Nasir* decision was an "extraordinary and compelling reason" for release. And even if either or both were, the Court was not persuaded the relevant sentencing factors outlined in 18 U.S.C. § 3553(a) supported early release. Muhammad now appeals.

## II.

On appeal, Muhammad first contends the District Court erred by holding that our Court's decision in *Nasir* was not an "extraordinary and compelling reason" for a sentence reduction.[2] And second, he argues—for the first time on appeal—*Nasir* should apply retroactively to his sentence. We review legal questions *de novo*, including the District Court's interpretation of statutes. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021). But we review its ultimate decision to deny a compassionate release motion only for abuse of discretion. *Id.*

---

[1] The Supreme Court vacated and remanded *Nasir* on grounds not relevant to this appeal. *United States v. Nasir*, 142 S. Ct. 56 (2021). Our Court has reissued its *Nasir* opinion, leaving the issues and analysis that Muhammad relies on unchanged. *See United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (en banc).

[2] Though Muhammad contended before the District Court there were two "extraordinary and compelling" reasons for his release (his asthma and the *Nasir* decision), his opening brief on appeal does not challenge the Court's rejection of his asthma argument. He has therefore forfeited that argument. *See Geness v. Cox*, 902 F.3d 344, 355 (3d Cir. 2018). Even had he challenged this holding, he has not shown, as we discuss below, the Court abused its discretion in determining the § 3553(a) factors weigh against his early release.

## A.

We begin with Muhammad's contention that the change of law in *Nasir* was a compelling reason for early release. At his initial sentencing, the District Court applied the career-offender enhancement, U.S.S.G. § 4B1.1, to Muhammad's sentencing range because he had two prior felony convictions of a controlled substance offense: a 1999 federal conviction for conspiring to distribute heroin and a 2008 New Jersey conviction for distributing and conspiring to distribute heroin. Years later, our Court held in *Nasir* that "inchoate crimes are not included in the definition of 'controlled substance offenses' given in section 4B1.2(b) of the sentencing guidelines." 17 F.4th at 472. And conspiracy, like Muhammad's 1999 conviction, is considered an inchoate offense. *See United States v. Salahuddin*, 765 F.3d 329, 341 (3d Cir. 2014) (internal citation omitted). So, he explains, had *Nasir* been decided when he was initially sentenced, he would not have qualified as a career offender, as then he had only one prior felony conviction of a controlled-substance offense. Without the career-offender enhancement, Muhammad asserts he would have received a 60-month sentence.

On appeal, Muhammad insists it would "be simply unfair not to reduce his sentence to time served." Appellant's Br. at 5. But he makes no effort to explain why the change of law in *Nasir* qualifies as an "extraordinary and compelling" circumstance under § 3582(c)(1)(A) or how the District Court erred in ruling it was not.

Yet even assuming Muhammad presented an "extraordinary and compelling" reason for release, he has failed to challenge the Court's independent ground for denying his motion. Recall that compassionate release requires *both* that "extraordinary and

4

compelling reasons" support release and that the § 3553(a) factors do so as well. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Here, the Court explained that even if there were a compelling reason for release, "it would still deny [Muhammad's] motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release." Appx. at 5. Specifically, the Court's memorandum noted early release would not "'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment for the offense,' or deter [Muhammad] or others from similar conduct." *Id.* at 5–6 (quoting 18 U.S.C. § 3553(a)(2)(A)). The Court also cited its § 3553(a) discussion from Muhammad's initial sentencing and, in a footnote, added the "[s]ection 3553(a) factors that [it] considered at sentencing and must consider now have not changed." *Id.* at 6 & n.4.

Muhammad does not claim on appeal that the Court abused its discretion in evaluating the § 3553(a) factors, so he has abandoned this argument.[3] *See Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993) ("When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal."). We thus affirm the District Court's judgment on this independent ground.

---

[3] Had he advanced it, he faced a high bar to show error. We will not disturb the District Court's determination that the § 3553(a) factors do not support compassionate release unless we have a "definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)) (alterations adopted).

**B.**

Finally, Muhammad asserts for the first time that *Nasir* should be applied retroactively. Because we review arguments that were not made before the District Court only for plain error, he must show (1) there was an error, (2) it was plain (*i.e.*, clear under current law), and (3) it affected his substantial rights. *United States v. Fattah*, 914 F.3d 112, 172 (3d Cir. 2019). Even then, we will only address the error if we conclude that (4) it "seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *Id.* We have never held *Nasir* applies retroactively on collateral review. Thus, even if the Court erred by failing to apply *Nasir* retroactively (an issue we need not reach in this case), that error is not plain.

\* \* \* \* \*

For these reasons, we affirm the judgment of the District Court.